SHARON C. COLLIER (State Bar No. 203450)
**FREEMAN MATHIS & GARY, LLP**
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
Telephone: 925-466-5904
E-mail: Sharon.collier@fmglaw.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIDE PENA ESPINOZA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>[San Mateo County Superior Court Case No. 22-CIV-00983]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]**<br><br>Action Filed:　　March 7, 2022<br>Trial Date:　　　N/A |

**TO THE HONORABLE JUDGES AND CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant COSTCO WHOLESALE CORPORATION ("Costco") hereby removes to this Court the state court action described below:

**I.　STATUS OF PLEADINGS AND DISCOVERY**

On or about March 7, 2022, Plaintiff TAIDE PENA ESPINOZA ("Plaintiff") filed a Complaint against Costco and Does 1 to 50 in the San Mateo County Superior Court, entitled TAIDE PENA ESPINOZA v. COSTCO WHOLESALE CORPORATION and DOES 1-50, inclusive, Case No. 22-CIV-00983 (the "Complaint"). (Request for Judicial Notice in Support of Costco's Notice of Removal ("RJN"), Ex. A; Declaration of Sharon C. Collier ("Collier Decl.") at ¶ 3.) The Complaint alleges causes of action for negligence, premises liability, and negligent

75005.0075/16103006.1

1  retention, hiring, and supervision. (RJN, Ex. A.)  Costco was served with the Summons and a copy
2  of the Complaint on or about March 8, 2022.  (RJN, Ex. A; Collier Decl. at ¶ 3.) On January 19,
3  2022, Plaintiff served Costco with a settlement demand, wherein she claimed she suffered
4  $873,676.50 in damages, far exceeding the $75,000 jurisdictional threshold. (Collier Decl. at ¶ 4.)

5        The Complaint alleges that on or about April 21, 2020, Plaintiff sustained injuries arising
6  out of a slip and fall accident at a Costco store located at 2300 Middlefield Road in San Mateo,
7  California.  (RJN, Ex. A.) Plaintiff seeks damages for pain and suffering, medical and incidental
8  expenses, lost wages, and lost earning capacity. (RJN, Ex. A.)

9        Costco filed an Answer to Plaintiff's Complaint in Case No. 22-CIV-00983 of the San
10 Mateo County Superior Court contemporaneously with this Notice of Removal and supporting
11 documents.  (RJN, Ex. C; Collier Decl. at ¶ 5.)  In the Answer, Costco asserted a general denial, as
12 well as various affirmative defenses. (RJN, Ex. B.)

13       Upon information and belief, Costco is the only named defendant which has been served
14 to-date in this matter.  (Collier Decl. at ¶ 6.)  Costco is not aware of Plaintiff effectuating service
15 on any of the "Doe" defendants. (Collier Decl. at ¶ 6.) Since no other defendant has been properly
16 named and served, no consent is required for removal. (28 U.S.C. § 1446(b); *Destfino v. Reiswig*,
17 630 F.3d 952, 956 (9th Cir. 2011).)

18       As this action was commenced in the San Mateo County Superior Court, removal to the
19 Northern District of California is appropriate.

20 **II.**     **STATEMENT OF JURISDICTION**

21       This civil action involves parties who are citizens of different states and the amount in
22 controversy exceeds $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332,
23 and has the power to remove this matter to this Court pursuant to 28 U.S.C. section 1441(b).

24       **A.**     **Complete Diversity of Citizenship**

25       In order to invoke federal diversity jurisdiction pursuant to 28 U.S.C. section 1332,
26 complete diversity of citizenship must exist between the parties.  (*Matao Yokeno v. Sawako*
27 *Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014).) Here, Plaintiff and Costco are citizens of different
28 states and the citizenship of the "Doe" defendants must be disregarded. Thus, diversity of

1  citizenship exists between the parties.

2       For purposes of removal, "the citizenship of defendants sued under fictitious names shall
3  be disregarded." (28 U.S.C. § 1441(b).) Where a plaintiff's allegations do not provide definite
4  clues sufficient for the moving defendant to identify the fictitiously named defendant, the
5  citizenship of the fictitiously named defendant shall be disregarded. (See e.g., *Guytan v. Swift
6  Transportation Co. of Arizona, LLC*, No. CV1700626VAPDTBX, 2017 WL 2380159, at *2 (C.D.
7  Cal. June 1, 2017) (holding that identifying a fictitiously named defendant as "a terminal
8  manager" of the moving defendant in the complaint was insufficient to determine the identity of
9  the fictitiously named defendant and therefore, the fictitiously named defendant's citizenship must
10 be disregarded.) While Plaintiff sued Does 1-50, she has not named them and Costco is unaware
11 of Plaintiff effectuating service on them. Thus, the citizenship of the "Doe" defendants must be
12 disregarded.

13      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.
14 (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is
15 the place he or she resides with the intention to remain or to which he or she intends to return.
16 (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Here, Plaintiff alleges in her
17 Complaint that she is a resident of San Mateo County, California. (RJN Ex. A; Collier Decl. at ¶
18 10.)  Accordingly, Plaintiff is and was a citizen of the State of California.

19      In order to ascertain the citizenship of a corporation, courts look to the state of
20 incorporation, and the state where the corporation has its principal place of business.  (28 U.S.C.
21 § 1332(c)(1).)  Here, Costco is a corporation formed and incorporated under the laws of the State
22 of Washington.  (RJN, Ex. D; Collier Decl. at ¶ 8.)  Moreover, Costco is headquartered and
23 maintains its principal place of business at 999 Lake Drive, Issaquah, Washington 98207. (RJN,
24 Ex. E; Collier Decl. at ¶ 9.) Accordingly, Costco was and is a citizen of the State of Washington.
25 As such, diversity-of-citizenship exists between the parties.

26      **B.**     **No Resident Defendants**

27      Pursuant to 28 U.S.C. § 1441(b)(2), when removing a case to federal court on the basis of
28 diversity jurisdiction, none of the defendants may be "citizens of the State in which such action is

brought." In this case, Plaintiff resides in California. (RJN, Ex. A; Collier Decl. at ¶ 10.) The only named and served defendant, Costco, is a citizen of the State of Washington. (RJN, Ex. C, D; Collier Decl. at ¶ 8.) As the domicile of the "Doe" defendants must be disregarded, complete diversity exists because no defendant resides in the State of California.

**C.     Amount in Controversy**

Pursuant to 28 U.S.C. § 1332(a), in order to invoke diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. (28 U.S.C. § 1332(a).) When a plaintiff fails to "specify a particular amount of damages" in the complaint, the removing party is required to establish that it is "more likely than not" that the amount in controversy exceeds the statutory amount. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *McPhail v. Derre & Co*, (10th Cir. 2008) 529 F.3d 947, 954 (removing defendant must prove by a preponderance of the evidence that the amount in controversy is satisfied).) In making that determination, courts consider compensatory costs, including general and special damages, as well as attorney fees. (*Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).) Courts also consider "other papers" not filed with the court. (*Kuxhausen v. BMW Financial Services NA LLC*, 797 F.3d 1136, 1140 (9th Cir. 2013).) Settlement demand correspondence constitutes an "other paper" sufficient to provide notice of removal. (*Bloomer v. Serco Mgmt. Servs.*, No. EDCV 16-2651 JGB (RAOx), 2017 U.S. Dist. LEXIS 25606, at *8 (C.D. Cal. Feb. 23, 2017) (citing *Babasa v. Lenscrafters, Inc*., 498 F.3d 972, 974-75 (9th Cir. 2002)); *see also Ackerberg v. Citicorp USA, Inc*., 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012).) The amount in controversy is merely an estimate of the total amount in dispute; it is not a prospective assessment of the defendant's liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d. 395, 400 (9th Cir. 2010).)

A plaintiff's concession that the amount in controversy exceeds $75,000 is sufficient to establish diversity jurisdiction upon this Court. (See *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 ("…where state law prohibited plaintiff from stating the amount in controversy in the complaint, the district judge has discretion to accept the admission as establishing it. Otherwise, we would be adopting the illogical position that a plaintiff can establish the amount in controversy by an ad damnum, but not by a formal admission against the plaintiff's interest in

choice of forum."). Such a concession is tantamount to a plaintiff expressly alleging damages in excess of the jurisdictional amount, which we accept as the amount in controversy if done in good faith. (*See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).) Moreover, the courts looks to "facts presented in the removal petition as well as any summary judgment type evidence relevant to the amount in controversy at the time of removal." (*Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Johnson v. Am. Online, Inc.*, 208 F.Supp.2d 1018 (N.D. Cal. 2003) (A defendant may rely on discovery responses for determining the amount in controversy).)

In the present case, Plaintiff served Costco with a settlement demand dated January 19, 2022, alleging that Plaintiff's damages total $873,676.50, including $298,676.50 in economic damages and $575,000 in non-economic damages. (RJN, Exhibit B; Collier Decl. at ¶ 4.) Thus, Plaintiff's claimed damages far exceed $75,000. (RJN, Exhibit B; Collier Decl. at ¶¶ 4, 12.) The January 19, 2022 settlement demand clearly constitutes an "other paper" which may be considered for purposes of determining the amount in controversy here. (*Ackerberg v. Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 938-39 (N.D. Cal. 2012).) In light of these representations and the scope of injuries and types of damages alleged in the Complaint, it is clear that the claims at issue will exceed the jurisdictional minimum of this Court.

### III. TIMELINESS OF REMOVAL

Pursuant to 28 U.S.C. section 1446(b), "[t]he notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" (28 U.S.C. § 1446(b).) The 30-day time limit within which a defendant can remove an action to federal court does not begin until the defendant(s) have received notice of the facts supporting removal. (*Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-1090 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006).)

As set forth more fully above, Plaintiff served Costco with the settlement demand on January 19, 2022 and the Complaint on or about March 8, 2022. (RJN, Ex. A; Collier Decl. at ¶¶ 3-4.) The Complaint indicates Plaintiff is domiciled in California and the settlement demand

alleges the amount in controversy exceeds the jurisdictional minimum. (RJN, Ex. A, B; Collier Decl. at ¶¶ 4, 10, 12.) Accordingly, Costco has timely and promptly filed this petition for removal. (28 U.S.C § 1446.)

## IV. JOINDER OF ALL DEFENDANTS

In order to effectuate removal, all defendants properly joined and served with the complaint must join in the notice of removal.  (28 U.S.C. § 1446(b); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).)  In this case, Costco is the only named and served defendant in the state court action. (RJN, Ex. A, Collier Decl. at ¶ 6).  Costco is not aware of Plaintiff effectuating service on the "Doe" defendants.  (Collier Decl. at ¶ 6.) Accordingly, this Notice of Removal is proper.

## V. VENUE

Venue of this removed action is proper pursuant to 28 U.S.C. section 1441(a) because this Court is the United States District Court for the district corresponding to the place where the state court action was commenced.

## VI. NOTICE TO PLAINTIFF

Costco's Notice to Adverse Parties of Notice of Removal is being contemporaneously filed in Case 22-CIV-00983 of the San Mateo County Superior Court. (Collier Decl. at ¶ 13.)

WHEREFORE, Costco prays that the above-entitled action, currently pending in the San Mateo County Superior Court of California, be removed to the United States District Court for the Northern District of California, and that this action proceed in this Court as an action properly removed there.

DATED:  April 11, 2022                    **FREEMAN MATHIS & GARY, LLP**

By: _____/s/ Sharon C. Collier_____
SHARON C. COLLIER
Attorneys for Defendant COSTCO WHOLESALE CORPORATION

# **PROOF OF SERVICE**

I declare that I am employed in the County of Placer, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 1013 Galleria Blvd, Ste 250 Roseville, CA 95678. My email address is nshams@fmglaw.com.

On April 11, 2022, I served electronic copies of the attached document(s) entitled:

**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]**

on the interested parties in this action addressed as follows:

*Attorneys for Plaintiff,*

Stefano G. Formica
**FORMICA LAW GROUP**
619 South La Brea Ave,
Los Angeles, CA 90036
sformica@lawgroup.com


Payton Kashani
**SUNSETWEST LEGAL GROUP**
1875 Century Park East, Suite 1500
Century City, CA 90067
payton@sunsetwestlg.com

in the manner set forth below:

[X] (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above which are being served by electronic means pursuant to California Rules of Court, Rule 2.251 and CCP 1010.6.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2022, at Roseville, California.

| NAJ SHAMS | s/shams |
|---|---|
| (Type or print name) | (Signature) |

75005.0075/16103006.1

7