1  SHARON C. COLLIER (State Bar No. 203450)
**FREEMAN MATHIS & GARY, LLP**
2  1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
3  Telephone: 925-466-5904
E-mail: Sharon.collier@fmglaw.com
4

5
Attorneys for Defendant
6  COSTCO WHOLESALE CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TAIDE PENA ESPINOZA, | Case No. |
| 12              Plaintiff, | [San Mateo County Superior Court Case No. 22-CIV-00983] |
| 13        vs. | **DEFENDANT COSTCO WHOLESALE** |
| 14  COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive, | **CORPORATION'S REQUEST FOR JUDICIAL NOTICE [FRE 201]** |
| 15              Defendants. | Action Filed:        March 7, 2022 |
| 16 | Trial Date:          N/A |

17        **PLEASE TAKE NOTICE** that in support of its Notice of Removal, pursuant to the

18  Federal Rules of Evidence rule 201, Defendant COSTCO WHOLESALE CORPORATION

19  ("Costco") requests this Court take judicial notice of the following:

20        1.        A true and correct copy of Plaintiff TAIDE PENA ESPINOZA's ("Plaintiff")

21  Summons and Complaint filed on March 7, 2022, in the San Mateo County Superior Court, Case

22  No. 22-CIV-00983, and served on Costco on March 8, 2022, is attached to this Request for

23  Judicial Notice as **Exhibit A**.

24        2.        Plaintiff is a resident of San Mateo County, California, as alleged in the operative

25  Complaint.

26        3.        A true and correct copy of Costco's Answer contemporaneously filed in Case No.

27  22-CIV-00983 of the San Mateo County Superior Court is attached to this Request for Judicial

28  Notice as **Exhibit B**.

4.     Costco is a corporation formed and organized under the laws of the State of Washington, as evidenced by the Amended Statement of Designation by a Foreign Corporation, a true and correct copy of which is attached to this Request for Judicial Notice as **Exhibit C**, and which is found on the California Secretary of State Website.

5.     Costco Wholesale Corporation's principal place of business is located at 999 Lake Drive, Issaquah, Washington 98027, as evidenced by the Statement of Information filed by Costco on June 27, 2019 with the California Secretary of State, a copy of which is attached to this Request for Judicial Notice as **Exhibit D**, and which is found on the California Secretary of State Website.

### A.     LEGAL AUTHORITY FOR TAKING JUDICIAL NOTICE OF THIS MATERIAL

This Court may take judicial notice at any stage of the proceeding.  Fed R. Evid. 201(d). Paragraph (b)(2) of Rule 201 states in part that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it:  … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Exhibits A, C, D, and E are public records maintained by the State of California and readily accessible through the California Secretary of state website, and the San Mateo County Superior Court Online Docket. The aforementioned facts are maintained by reliable sources and cannot reasonably be questioned.

In light of the foregoing, Costco requests this Court take judicial notice of the following facts: (1) Plaintiff filed a Complaint with the San Mateo County Superior Court against Costco March 7, 2022 alleging causes of action for negligence, premises liability, and negligent retention, hiring, and supervision; (2) Plaintiff is a resident of the State of California; (3) Plaintiff served Costco with the Complaint on March 8, 2022;  (4) Costco contemporaneously filed an Answer to Plaintiffs' Complaint in Case No. 22-CIV-00983 of the San Mateo County Superior Court, with this Notice of Removal and supporting documents, generally denying Plaintiffs' claims and asserting various affirmative defenses; (5) Costco is a corporation duly incorporated in the State of Washington; and (6) Costco's principal place of business is located in the State of Washington.

/ / /

1

**B.      CONCLUSION**

2

        For all of the aforementioned reasons, Defendant Costco respectfully requests that this

3

Court take judicial notice of the records and facts set forth above.

4

DATED:  April 11, 2022                          **FREEMAN MATHIS & GARY, LLP**

5

6

                                                By:   _____

7

                                                      SHARON C. COLLIER

8

                                                Attorneys for Defendant COSTCO WHOLESALE

9

                                                CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COSTCO WHOLESALE CORPORATION'S REQUEST FOR JUDICIAL NOTICE [FRE 201]

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION AND DOES 1 TO 50
INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAIUDE PENA ESPINOZA

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON   3/7/2022
By   /s/ Una Finau
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* SAN MATEO <br> Central Branch, 800 North Humboldt Street <br> San Mateo, CA 94401 | **CASE NUMBER:** <br> *(Número del Caso):*  22-CIV-00983 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stefano G. Formica, Esq., FORMICA LAW GROUP, 619 S. La Brea Ave, LA CA 90036; 323.272.3334

DATE:   3/7/2022                          Neal I. Taniguchi  Clerk, by   /s/ Unaloto Finau              , Deputy
*(Fecha)*                                                    *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

STEFANO G. FORMICA, ESQ. (SBN 241958)
**FORMICA LAW GROUP**
619 South La Brea Ave,
Los Angeles, CA 90036
Tel: (323) 272-3334
Fax: (323) 272-3926
sformica@formicalawgroup.com

PAYTON KASHANI, ESQ. (SBN 283862)
**SUNSETWEST LEGAL GROUP**
1875 Century Park East, Suite 1500
Century City, CA 90067
Phone: (310) 282-8888
Fax: (877) 525-2992
payton@sunsetwestlg.com

Attorneys for Plaintiff,
TAIDE PENA ESPINOZA

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          3/7/2022
By          /s/ Una Finau
            Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO COUNTY

22-CIV-00983

| | |
|---|---|
| TAIDE PENA ESPINOZA,<br>　　　　　Plaintiff(s),<br><br>　　vs.<br><br>COSTCO WHOLESALE CORPORATION,<br>and DOES 1 to 50 Inclusive,<br><br>　　　　　Defendant(s). | ) CASE NO.<br>)<br>)<br>) **Unlimited COMPLAINT FOR DAMAGES:**<br>)<br>) **1. PREMISES LIABILITY**<br>)<br>) **2. NEGLIGENCE**<br>)<br>) **3. NEGLIGENT RETENTION,**<br>　　**HIRING, AND SUPERVISION**<br>)<br>) *[Demand for Jury Trial]* |

COMES NOW, Plaintiff TAIDE PENA ESPINOZA and for Causes of Action against Defendants, and each of them, complains and alleges as follows:

//

//

**FIRST CAUSE OF ACTION**
**PREMISES LIABILITY**

**[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50**
**Inclusive]**

1.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant, COSTCO WHOLESALE CORPORATION was and is now an active corporation doing business in the County of San Mateo and throughout the State of California.

2.      Defendant COSTCO WHOLESALE CORPORATION was doing business as "COSTCO WHOLESALE" at the time of Plaintiff's accident.

3.      The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

4.      TAIDE PENA ESPINOZA, hereinafter referred to as "Plaintiff" is a natural person who is, and at all times mentioned in this complaint, a resident of the County of San Mateo, State of California.

5.      At all times mentioned in this complaint, Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50 owned and operated the "COSTCO WHOLESALE" located at 2300 Middlefield Rd., San Mateo, CA 94063, hereinafter referred to as the "COSTCO WHOLESALE."

6.      Defendants invited the general public, including, Plaintiff, to enter the premises of "COSTCO WHOLESALE" to purchase various goods and products.

7.      On April 21, 2020, at the "COSTCO WHOLESALE" Defendants and each of their agents/employees so negligently owned, controlled, supervised, managed, maintained and operated said premises so as to proximately cause Plaintiff to slip and fall, causing Plaintiff's

injuries and related damages. At the time of the subject accident, Plaintiff was walking near the fruit section of the store when she slipped and fell over a piece of fruit left in the walkway.

8.     As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

9.     As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

10.     As a direct, legal and proximate result of the conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great physical, mental, and nervous pain and suffering.  Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in at least temporary disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

**[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive]**

11.     Plaintiff repeats and re-alleges Paragraphs 1 through 10, inclusive, and incorporates the same herein by reference.

12.     Plaintiff is informed, believes and thereon alleges that at all relevant times hereto, that Defendants, COSTCO WHOLESALE CORPORATION, through various departments

and/or agencies, and DOES 1 through 50, inclusive, owned, operated and managed the "COSTCO WHOLESALE", located at 2300 Middlefield Rd., San Mateo, CA 94063.

13.     On April 21, 2020, at the "COSTCO WHOLESALE", Defendants and each of their agents/employees so negligently owned, controlled, supervised, managed, maintained, and operated said premises so as to proximately cause Plaintiff to slip and fall, causing Plaintiff's injuries and related damages. At the time of the subject accident, Plaintiff was walking near the fruit section of the store when she slipped and fell over a piece of fruit left in the walkway.

14.     At all times mentioned in this complaint, Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 through 50 owned and operated the "COSTCO WHOLESALE" located at 2300 Middlefield Rd., San Mateo, CA 94063, hereinafter referred to as the "COSTCO WHOLESALE."

15.     Defendants invited the general public, including, Plaintiff, to enter the premises of "COSTCO WHOLESALE" to purchase various goods and products.

16.     Defendants and each of them, as owners and operators of "COSTCO WHOLESALE" negligently:

    a.     Failed to maintain the floors of "COSTCO WHOLESALE" in a reasonably safe condition and breached their duty of care to their customers by allowing a fruit to remain on the floor in the path of Plaintiff and other invited customers;

    b.     Allowed the fruit to come into contact with and remain on the floor when Defendants knew, or in the exercise of reasonable care should have known, that a fruit left on the floor created an unreasonable risk of harm to its customers in the areas that customers walk through;

    c.     Failed to warn Plaintiff and other invited customers of "COSTCO WHOLESALE" of the danger presented by the presence of a fruit on the floor;

    d.     Failed to install warnings and/or block off the area where the fruit was left untended on the floor;

e.      Failed to conduct routine inspections during normal business hours to ensure that no dangerous condition existed in an area where Plaintiff and other invited customers walked through;

f.      Failed to otherwise exercise due care with respect to matters alleged in this complaint.

17.      As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

18.      As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

19.      As a direct, legal and proximate result of the conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great physical, mental, and nervous pain and suffering.  Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

**[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive]**

20.      Plaintiff repeats and re-alleges Paragraphs 1 through 19, inclusive, and incorporates the same herein by reference.

21.      Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, knew or should have known that Defendant DOES 1 through 50, inclusive, were unfit

and incompetent to perform the services for which they were employed, retained, and supervised at the "COSTCO WHOLESALE."

22.    Defendants knew or should have known that Defendant DOES 1 through 50, inclusive, posed a serious risk of harm to others in that conditions would arise that posed a serious risk of harm to others including Plaintiff and if not properly trained would pose a risk of harm to others including Plaintiff.

23.    That Defendant DOES 1 through 50, inclusive, failed to perform the services they were hired and employed for and did create a hazard that posed a serious risk of harm and injury to others including Plaintiff.

24.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1 through 50, inclusive, after hiring them, and retained Defendant DOES 1 through 50, inclusive, as an employee for job performance.

25.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, owed a duty of care to the public, including Plaintiffs, in the hiring, training, supervision and retention of their agents, employees, servants, and/or independent contractors, which they assigned to perform work-related tasks at the "COSTCO WHOLESALE."

26.    As a direct, legal, and proximate result of the negligence and carelessness of Defendants and each of them, Plaintiff did slip on the unattended fruit left on the floor and did sustain serious and permanent injury to her person.

27.    As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

28.    As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered

lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

29.    As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great physical, mental, and nervous pain and suffering. Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in at least temporary disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

WHEREFORE, Plaintiff TAIDE PENA ESPINOZA prays for judgment against the Defendants, and each of them, as follows:

(1)    For compensatory damages including damages for lost wages, lost employee benefits, vacation benefits, medical expenses, mental and emotional distress, and other general and special damages according to proof at trial;

(2)    For actual damages, including but not limited to medical and related expenses, in an amount according to proof at trial;

(3)    For pre-judgment interest at the maximum legal rate;

(4)    For post-judgment interest at the maximum legal rate;

(5)    For costs of suit herein incurred;

(6)    For such other relief that at the Court may deem just and proper.

DATED: March 4, 2022                    FORMICA LAW GROUP, APC


_____
STEFANO FORMICA, ESQ.
Attorneys for Plaintiff,
TAIDE PENA ESPINOZA

COMPLAINT FOR DAMAGES
7

1

**DEMAND FOR JURY TRIAL**

2
  Plaintiff TAIDE PENA ESPINOZA hereby demands for a trial by jury as to all causes of

3
action.

4

5
DATED:  March 4, 2022     FORMICA LAW GROUP, APC

6

7

8
             _____

9
             STEFANO FORMICA, ESQ.
             Attorneys for Plaintiff,

10
             TAIDE PENA ESPINOZA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stefano, G. Formica, Esq. [SBN: 241958]<br>FORMICA LAW GROUP<br>619 S. La Brea Ave<br>Los Angeles, CA 90036<br>TELEPHONE NO.: 323.272.3334   FAX NO.:<br>ATTORNEY FOR *(Name):* PLAINTIFF TAIDE PENA ESPINOZA | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   3/7/2022<br>By   /s/ Una Finau<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: 800 North Humboldt St
MAILING ADDRESS:
CITY AND ZIP CODE: San Mateo, CA 94401
BRANCH NAME: Central Branch

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22-CIV-00983 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☑ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Three (3)
5. This case ☐ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2022

Stefano G. Formica, Esq.
_____   ►   _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Superior Court of California, County of San Mateo

## View Document - 22-CIV-00983 - Notice of Assignment for All Purposes and CMC New Case Starting Dec 1 2020

Pages: 2



| | **SUPERIOR COURT OF SAN MATEO COUNTY**<br>Civil Division<br>400 County Center, 1st Floor, Room A Redwood City, CA 94063<br>(650) 261-5100<br>www.sanmateocourt.org | FOR COURT USE ONLY<br><br>**FILED**<br>SAN MATEO COUNTY<br>3/8/2022<br>**Clerk of the Superior Court**<br>/s/ Unaloto Finau<br>DEPUTY CLERK |
|---|---|---|

PETITIONER/PLAINTIFF:  **TAIDE PENA EXPINOZA**

RESPONDENT/DEFENDANT:  **COSTCO WHOLESALE CORPORATION; DOES 1 TO 50 INCLUSIVE**

| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**22-CIV-00983** |
|---|---|

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Nancy L. Fineman** in **Department 4.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**

**DATE: 7/6/2022**

**TIME: 9:00 AM**

**LOCATION: 1050 Mission Road, South San Francisco, CA 94080**

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances: https://www.sanmateocourt.org/general_info/remote_appearance.php

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Nancy L. Fineman | 650-261-5104 | Dept4@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1.  In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
    d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later

Rev. November 2020

Superior Court of California, County of San Mateo

than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to ADR* form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date,
☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 3/8/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Unaloto Finau
         Unaloto Finau, Deputy Clerk

Notice being served on:

STEFANO G FORMICA
FORMICA LAW GROUP
619 SOUTH LA BREA AVENUE
LOS ANGELES CA  90036

PAYTON KASHANI
SUNSET WEST LEAL GROUP
1875 CENTURY PARK EAST, SUITE 1500
CENTURY CITY, CA 90067

Rev. November 2020

Pages: 2

Download Document

# EXHIBIT B

SHARON C. COLLIER (State Bar No. 203450)
**FREEMAN MATHIS & GARY, LLP**
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
Telephone: 925-466-5904
E-mail: Sharon.collier@fmglaw.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| TAIDE PENA ESPINOZA, | Case No. 22-CIV-00983 |
| Plaintiff, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER** |
| vs. | |
| COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive, | [Assigned for All Purposes to: Hon. Hon. Nancy L. Fineman, Dept. 4] |
| Defendants. | |
| | Action Filed:      March 7, 2022 |
| | Trial Date:        N/A |

Come now Defendants, COSTCO WHOLESALE CORPORATION, and in answer to the Complaint on file herein, admit, deny, and allege as follows:

## **GENERAL DENIAL**

1.      Under the provisions of section 431.30 of the Code of Civil Procedure, this answering Defendant denies each, every and all of the allegations in the Complaint, and the whole thereof, and deny that Plaintiff has suffered or sustained damages in the sum or sums alleged, or in any other sum or sums, or at all.

2.      Further answering the Complaint on file herein, and the whole thereof, this answering Defendant denies that Plaintiff has sustained any injuries, damage or loss, if any, by reason of any act or omission on the part of this answering Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the allegations and claims for relief set forth in the Complaint, Defendant pleads and asserts as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

That the Complaint, and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action as to this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

These answering Defendants allege that Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize damages. Therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on his own part, or by expenditures that might reasonably have been made and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of the Plaintiff to mitigate his damages, if any.

///

///

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Negligence of Plaintiff)

This answering Defendant is informed and believes and thereon alleges that Plaintiff was careless and negligent in that Plaintiff failed to exercise ordinary care on her own behalf, and that such carelessness and negligence on the part of Plaintiff caused and contributed to the injuries and damages complained of, if any there were; and that by reason of the doctrine of comparative negligence, Plaintiff is barred from recovery, in whole and/or in part, of such portion of said damages, if any, as resulted from the aforementioned conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Liability for Acts of Others)

This answering Defendant is informed and believes and thereon alleges that other persons and entities not parties to this lawsuit, were themselves responsible for the Plaintiff's damages, if any there were.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

This answering Defendant is informed and believes and thereon alleges that at all times and places set forth and alleged in the Complaint and immediately prior thereto, other co-defendants in this lawsuit, as well as other persons and entities not parties to this lawsuit, were themselves careless and negligent in that such third parties failed to exercise ordinary care on their own behalf, and that such carelessness and negligence on the part of any third party caused and contributed to the injuries and damages complained of, if any there were; and that by reason of the doctrine of comparative negligence, Plaintiff is barred from recovery, in whole and/or in part, of such portion of said damages, if any, as resulted from the aforementioned conduct.

## PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays for relief as follows:

1.    That the Complaint be dismissed, with prejudice and in its entirety;

3.    That judgment be entered against Plaintiff and in favor of this answering Defendant;

4.    That this answering Defendant be awarded its costs incurred in defending this action;

1 and

2     5.     That this answering Defendant be granted such other and further relief as the Court

3 may deem just and proper.

4 DATED:  April 11, 2022               **FREEMAN MATHIS & GARY LLP**

5

6                          By:  _____

7                               SHARON C. COLLIER

8                 Attorneys for Defendant COSTCO WHOLESALE

9                 CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>PROOF OF SERVICE</u>

2        I declare that I am employed in the County of Placer, State of California.  I am over the age

3  of eighteen years at the time of service and not a party to the within cause.  My employment address

4  is 1013 Galleria Blvd, Ste 250 Roseville, CA 95678. My email address is nshams@fmglaw.com.

5

6        On April 11, 2022, I served electronic copies of the attached document(s) entitled:

7        **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER**

8  on the interested parties in this action addressed as follows:

9  *Attorneys for Plaintiff,*

10  Stefano G. Formica
    **FORMICA LAW GROUP**
11  619 South La Brea Ave,
    Los Angeles, CA 90036
12  sformica@lawgroup.com

13

14  Payton Kashani
    **SUNSETWEST LEGAL GROUP**
15  1875 Century Park East, Suite 1500
    Century City, CA 90067
16  payton@sunsetwestlg.com

17

18  in the manner set forth below:

19    ☒  (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail
20        addresses set forth above which are being served by electronic means pursuant to California
        Rules of Court, Rule 2.251 and CCP 1010.6.

21        I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23

24        Executed on April 11, 2022, at Roseville, California.

25

26     NAJ SHAMS            s/shams

     (Type or print name)           (Signature)

27

28

# Exhibit C

A344517

1587907

DO NOT WRITE IN THIS SPACE

FILED
In the office of the Secretary of State
of the State of California

JAN 22 1988

MARCH FONG EU, Secretary of State

NCTO:

AMENDED
STATEMENT AND DESIGNATION
BY
FOREIGN CORPORATION

COSTCO WHOLESALE CORPORATION

_____, a corporation

organized and existing under the laws of Washington _____,
and which is presently qualified for the transaction of intrastate business in the
State of California, makes the following statements and/or designation:

That the name of the corporation has been changed to that hereinabove set forth

and that the name relinquished at the time of such change was _____

CWC Corporation which will do business in California as Washington

Wholesalers Inc.

COSTCO WHOLESALE CORPORATION
(Name of Corporation)

_____
(Signature of corporate officer)

                        Corporate
Michael D. Anderton, Secretary
(Typed name and title of officer signing)

INSTRUCTIONS:

1. If this Amended Statement shows a change of corporate name, there must be
   attached to this Amended Statement a certificate of an authorized public official
   of the state or place of incorporation, that such change of name was made in
   accordance with the laws of that state or place.

2. For filing this Amended Statement there is a fee of $15.00.

(CALIF. - 1320 - 3/27/87)



# STATE of WASHINGTON   SECRETARY of STATE

**I, Ralph Munro,** Secretary of State of the State of Washington and custodian of its seal, hereby certify that according to the records on file in my office Articles of Merger between CWC CORPORATION, a Washington corporation, and COSTCO WHOLESALE CORPORATION, a Delaware corporation, whereby CWC CORPORATION is the surviving corporation under the name COSTCO WHOLESALE CORPORATION were received and filed in this office September 1, 1987.

Date:   September 1, 1987
Given under my hand and the seal of the State of Washington, at Olympia, the State Capitol.

Ralph Munro, Secretary of State

SSF 8-A

# Exhibit D

F



## State of California
### Secretary of State

#### Statement of Information
(Foreign Corporation)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**G752821**

**FILED**

In the office of the Secretary of State
of the State of California

**JUN-27 2019**

1. **CORPORATE NAME**
COSTCO WHOLESALE CORPORATION

2. **CALIFORNIA CORPORATE NUMBER**   C1587907

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See Instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.
☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 13.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>999 LAKE DRIVE, ISSAQUAH, WA 98027 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>4649 MORENA BOULEVARD, SAN DIEGO, CA 92117 | | | |
| 6. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 4<br>LICENSING  P.O. BOX 35005, SEATTLE, WA 98124 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/        ADDRESS<br>WALTER C. JELINEK   999 LAKE DRIVE, ISSAQUAH, WA 98027 | | | |
| 8. SECRETARY        ADDRESS<br>JOHN C. SULLIVAN   999 LAKE DRIVE, ISSAQUAH, WA 98027 | | | |
| 9. CHIEF FINANCIAL OFFICER/        ADDRESS<br>RICHARD A. GALANTI   999 LAKE DRIVE, ISSAQUAH, WA 98027 | | | |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 11 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 11 must be left blank.

10. NAME OF AGENT FOR SERVICE OF PROCESS

C T CORPORATION SYSTEM

| 11. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL  CITY | STATE | ZIP CODE |
|---|---|---|
| | | |

**Type of Business**

12. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
WHOLESALE/RETAIL MBRSHP WAREHS

13. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.

| | | AVP/ASST. SECRETARY | |
|---|---|---|---|
| 06/27/2019 | GAIL E. TSUBOI | | |
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-350 (REV 01/2013) | | APPROVED BY SECRETARY OF STATE |
|---|---|---|

1

## <u>PROOF OF SERVICE</u>

2    I declare that I am employed in the County of Placer, State of California.  I am over the age

3   of eighteen years at the time of service and not a party to the within cause.  My employment address

4   is 1013 Galleria Blvd, Ste 250 Roseville, CA 95678. My email address is nshams@fmglaw.com.

5

6    On April 11, 2022, I served electronic copies of the attached document(s) entitled:

7   **DEFENDANT COSTCO WHOLESALE CORPORATION'S REQUEST FOR JUDICIAL NOTICE [FRE 201]**

8

9   on the interested parties in this action addressed as follows:

*Attorneys for Plaintiff,*

10   Stefano G. Formica

11   **FORMICA LAW GROUP**

12   619 South La Brea Ave,
Los Angeles, CA 90036

13   sformica@lawgroup.com

14

15   Payton Kashani
**SUNSETWEST LEGAL GROUP**

16   1875 Century Park East, Suite 1500
Century City, CA 90067

17   payton@sunsetwestlg.com

18

in the manner set forth below:

19

20   ☒ (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth above which are being served by electronic means pursuant to California Rules of Court, Rule 2.251 and CCP 1010.6.

21

22    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24    Executed on April 11, 2022, at Roseville, California.

25

26

|  NAJ SHAMS | s/shams |
|---|---|
| (Type or print name) | (Signature) |

27

28