UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIDE PENA ESPINOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　Defendant. | Case No. 22-cv-02257-AGT<br><br>**ORDER ON MOTIONS TO AMEND AND TO REMAND**<br><br>Re: Dkt. Nos. 30, 31 |

　　After slipping on a piece of fruit at a Costco store, Taide Pena Espinoza filed a lawsuit against Costco in state court. Costco removed Espinoza's case to federal court based on diversity jurisdiction. After removal, the parties exchanged initial disclosures, through which Espinoza learned the names of several Costco employees who were working when she fell. She now moves to amend her complaint to add these Costco employees as defendants. The proposed defendants are citizens of California, as is Espinoza, so their joinder would defeat diversity. For this reason, Espinoza has also moved to remand her case to state court. Costco opposes both motions.

　　"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). For several reasons, the Court will permit joinder here and remand this case to state court.

　　First, Espinoza isn't attempting to fraudulently join the proposed defendants, as Costco suggests. Fraudulent joinder is typically marked by an "obvious" failure by the plaintiff to state a claim against a proposed defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). There's no such obvious failure here. The first proposed defendant, Kim Perez, performed a floor walk in the produce area on

the morning of Espinoza's fall. *See* Dkt. 33 at 25–26. The second proposed defendant, Letisia Gonzzales, walked through the produce area several minutes before Espinoza fell. *See id.* at 35. The third proposed defendant, Jasson Massey, was an area manager in the store and responded to the accident. *See id.* at 29. Espinoza alleges that all three had a duty to keep the floors at Costco in a reasonably safe condition and breached that duty by allowing fruit to remain on the floor in her path. *See* Dkt. 31 at 14 ¶ 19. Given that each of the proposed defendants was either in the produce area on the morning of Espinoza's fall or plausibly had some responsibility for the area, Espinoza's negligence claims aren't obviously baseless.

Second, there's no evidence of gamesmanship by Espinoza. She didn't know the names of the employees she seeks to add as defendants until Costco disclosed them after removal. Upon learning the names, Espinoza promptly moved to amend her complaint. The absence of gamesmanship by Espinoza weighs in favor of allowing her to pursue her claims in the manner and venue she prefers.

Third, if the Court denied leave to amend, Espinoza would need to pursue her claims against the proposed defendants in state court, while continuing to litigate her claims against Costco in federal court. This split would waste judicial resources, as two judges rather than one would need to evaluate claims and defenses related to the same slip-and-fall incident. The conservation of judicial resources favors allowing Espinoza to amend her complaint and to pursue her claims in state court.

Finally, and tangentially, the Court rejects Costco's argument that Espinoza somehow erred by not serving the proposed defendants with process. *See* Dkt. 33 at 4–5 ("There is no evidence that Massey, Perez, or Gonzzales were served at Costco['s] warehouse, nor did anyone . . . receive service[] [on their behalf] . . . ."). The proposed defendants weren't parties when Espinoza filed her complaint or when she moved to amend, and Costco hasn't cited any rule that would have required Espinoza to serve these non-parties with process. *Cf.* Fed. R. Civ. P. 4(a)(1)(B) (explaining that a

summons must be directed "to the defendant"); Fed. R. Civ. P. 5(a)(1) (requiring other case documents to be served "on every party").

The Court exercises its discretion to allow Espinoza to amend her complaint. Her motion to amend is granted. The newly added defendants destroy diversity, so the Court also grants Espinoza's motion to remand. The Clerk shall remand this case to the Superior Court of California, County of San Mateo.

**IT IS SO ORDERED.**

Dated: November 16, 2022

Alex G. Tse
United States Magistrate Judge